1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN DE VAN DANIEL,

        Plaintiff,                  No. 2:08-cv-2920 WBS JFM PS

    vs.

B. OAKS, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

PDF created with pdfFactory trial version www.pdffactory.com

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed

PDF created with pdfFactory trial version www.pdffactory.com

1  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
2  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
3  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
4  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
5  Cir. 1982).

6           While plaintiff may state a claim cognizable in a civil rights action, a plaintiff
7  must connect the named defendants clearly with the claimed denial of his rights.  Farmer v.
8  Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault
9  requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040,
10 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal
11 participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability
12 under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing
13 "requisite causal connection" in section 1983 cases between named defendant and claimed
14 injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S.
15 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual
16 was personally involved in the deprivation of his civil rights.").  The court cannot determine from
17 the complaint what role, if any, each of the named defendants played in the alleged deprivation of
18 plaintiff's rights.

19          Plaintiff is advised that an allegation of mere threats alone fails to state a claim
20 under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see Oltarzewski
21 v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity
22 violate the Eighth Amendment).

23          The court finds the allegations in plaintiff's complaint so vague and conclusory
24 that it is unable to determine whether the current action is frivolous or fails to state a claim for
25 relief.  The court has determined that the complaint does not contain a short and plain statement
26 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

PDF created with pdfFactory trial version www.pdffactory.com

policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

Although plaintiff recounted the events of March 6, 2008, and included names of those present, it is unclear whether he contends each of the persons named violated his constitutional rights. In his amended complaint, plaintiff shall clearly state who he is naming as a defendant and what constitutional violation each defendant allegedly committed.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.
2. Plaintiff's complaint is dismissed.

/////

4

PDF created with pdfFactory trial version www.pdffactory.com

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

DATED: January 22, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; vand2920.lta

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3
4
5
6
7       IN THE UNITED STATES DISTRICT COURT
8       FOR THE EASTERN DISTRICT OF CALIFORNIA
9  MELVIN DE VAN DANIEL,
10          Plaintiff,                    No. 2:08-cv-2920 WBS JFM PS
11      vs.
12  B. OAKS, et al.,                      NOTICE OF AMENDMENT
13          Defendants.
14  _____/
15          Plaintiff hereby submits the following document in compliance with the court's
16  order filed _____:
17          _____     Amended Complaint
18  DATED:
19
20                                        _____
                                          Plaintiff
21
22
23
24
25
26

6

PDF created with pdfFactory trial version www.pdffactory.com